UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


CAROLYN CLARK                                                                    PLAINTIFF


v.                              Case No.: 5:19-CV-284-LRP


SIMMONS FIRST                                                               DEFENDANT
NATIONAL CORPORATION


## PLAINTIFF'S *UNOPPOSED* MOTION
## TO APPROVE SETTLEMENT & SUPPORTING MEMORANDUM

The Plaintiff Carolyn Clark ("plaintiff" or "Clark") and the Defendant Simmons First National Corporation ("defendant" or "SFNC") have reached an agreement to settle a contested action, including without limitation, the settlement of claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq*., ("FLSA"),  Arkansas Minimum Wage, Act Ark. Code. Ann., §§ 11-4-201, *et. seq.* ("AMWA"), and the common law of Arkansas ("Common Law") alleging that SFNC failed to pay proper wages to Clark ("Settlement") and to dismiss this case with prejudice pending Court approval of the settlement. The Settlement is evidenced by the signed Confidential Settlement Agreement and Release attached hereto as Exhibit 1 ("Settlement Agreement").  A proposed Order Determining Good Faith and Granting Approval of Settlement for the Court's consideration is attached as Exhibit 2. The settlement is fair, reasonable, and adequate, warranting this Court's approval.

As such, this Court should grant this unopposed motion.

# I.     Facts and Procedural History

The plaintiff filed an Individual, Collective and Class Action Complaint (Doc. 1) in this action against the defendant on September 5, 2019, alleging that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-210, *et seq.,* and the common law of Arkansas ("Common Law") by failing to pay her, and other persons similarly situated, overtime required by the FLSA and the AMWA, as well as failing to pay non-overtime wages under the Common Law. On December 10, 2019, the plaintiff caused to be filed notice of filing consents to join lawsuit (Doc. 16), and filed consent forms to be an opt-in plaintiff in behalf of Sheryl L. Presley ("Presley") and Robin D. Southerland ("Southerland").  On January 10, 2020, the plaintiff caused to be filed notice of filing consents to join lawsuit (Doc. 19), and filed consent forms to be an opt-in plaintiff in behalf of Mathena B. Rikki ("Rikki").  Presley, Southerland and Rikki are referred to herein as the "Opt-in Plaintiffs".

The plaintiff filed a motion for conditional certification of a collective action on February 10, 2020 (Doc. 20). The defendant filed a response in opposition to plaintiff's motion for collective action certification on March 16, 2020 (Doc. 28).  On April 6, 2020, the plaintiff filed a reply brief in further support of plaintiff's motion for conditional certification of a collective action and court-authorized notice (Doc. 33).  By order dated September 10, 2020, the Court denied the plaintiff's motion for conditional certification of an FLSA collective action (Doc. 44).

On April 28, 2021, the plaintiff and defendant filed a joint notice of settlement with regard to all claims of the plaintiff (Doc. 48).  On September 21, 2021, the plaintiff filed a Stipulation of Dismissal dismissing the claims of the Opt-in Plaintiffs without prejudice. (Doc. 51).  The gist of the allegations in the action is that defendant failed to compensate Clark for

overtime and non-overtime wages arising from her performance of procedures related to opening the bank branch where she worked for business each workday prior to clocking in to Defendant's timekeeping system.

In its Answer to the Complaint, among other things, the defendant denies the allegations, averments, and claims made in the Complaint and affirmatively asserts in Paragraphs 74.A through 74.JJ numerous defenses to the Complaint and denies it owes unpaid wages or overtime compensation to the plaintiff (or any other similarly situated persons), and denies that it has violated the FLSA, the AMWA, or any other law, rule or regulation. Defendant denies and will continued to deny any violation of the applicable law or any liability to the plaintiff (or any other similarly situated persons).

The plaintiff and defendants have exchanged initial factual disclosures, produced and reviewed documents, reviewed the applicable law and legal authority, conducted interviews, and reviewed the applicable facts, all of which has enabled each party to understand and assess the detail and substance of their respective claims and defenses. A bona fide and contested dispute exists between the plaintiff and defendant, among other things, as to the amount, if any, of wages and overtime owing to the plaintiff (or any other similarly situated persons).

The parties have conducted settlement discussions, including exchanging positions on legal and factual issues and other supporting information, including payroll data concerning Clark, that eventually led the plaintiff and defendant to reach an agreement to settlement on April 26, 2021, subject to the approval of the Court, which in turn has been reflected in a Joint Notice of Settlement filed with the Court on April 28, 2021 (Doc. 48). The settlement between the parties has been formally reflected in the Confidential Settlement Agreement and Release

("Settlement Agreement") (Exhibit 1 hereto) and, with the approval of this Court, will fully and finally settle, resolve and dismiss with prejudice this dispute, the plaintiff's individual claims.

The plaintiff and the plaintiff's counsel believe the claims asserted in this litigation have merit. The plaintiff and plaintiff's counsel, however, also recognize and acknowledge the risk, length, and expense of continued proceedings necessary to prosecute the litigation through trial and appeal, and believe that the Settlement Agreement represents a fair and equitable settlement of bona fide and disputed claims.  Defendant denies the claims in their entirety and denies any wrongdoing, but wishes to avoid the uncertainty and risk attendant with litigation.

## II.     Argument

### A.     This Court Should Approve The Parties' Settlement.

 "A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."  *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1149 (8th Cir. 1999).  Courts have held that settlement of an FLSA action generally requires court approval because private settlements will not effectuate a valid release for the employer. *See e.g. Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

As recently as *Barbee v. Big River Steel, LLC.*, 927 F.3d 1024 (8th Cir. 2019), the Eighth Circuit did not decide the split of authority as to whether the FLSA requires judicial approval of all FLSA settlements. Accordingly, in an abundance of caution, wage claims under the FLSA are typically settled or compromised in one of two ways. First, under 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second, under a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a *bona fide* dispute between the parties. *Lynn's Food*

*Stores*, 679 F.2d at 1353. When the latter option is proposed, as here, the Court should approve the settlement "after scrutinizing the settlement for fairness." *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.[1] However, other courts have examined such settlements. The standard for court approval is straightforward: a district court should approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a bona fide dispute under the FLSA. *Lynn's Food Stores,* 679 F.2d at 1352-54. First, the court must be satisfied that the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties under the FLSA. *Cruthis v. Vision's*, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014). Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arm's-length settlement as *indicia* of fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Based upon the contested nature of this case and the quality of the settlement based on the facts and the law the plaintiff respectfully submits that this Court should conclude that the parties' settlement is a reasonable arm's-length resolution of a *bona fide* dispute in contested

---

[1] The parties are aware that some Courts in both the Eastern and Western Districts of Arkansas have agreed that courts are not required to review a settlement under the Fair Labor Standards Act where "(1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur." *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230, 2015 U.S. Dist. LEXIS 14679, at *7 (W.D. Ark. Feb. 5, 2015) (Brooks, J.); *see also Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047, 2018 U.S. Dist. LEXIS 187750, at *2–3 (W.D. Ark. Nov. 2, 2018) (Hickey, J.) (dismissing case without reasonableness review because three factors from *Schneider* were met)*; Perez v. Garcia*, No. 4:16-cv-00081 KGB, 2016 U.S. Dist. LEXIS 165788, at *2 (E.D. Ark. Dec. 1, 2016) (Baker, J.) (same) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012)).

litigation, and thus approve the settlement.

### 1.    The Proposed Settlement Is The Product Of Contested Litigation.

The proposed settlement is the product of contested litigation. The case began on September 5, 2019.  In her complaint, the plaintiff made detailed, factual allegations describing defendant's allegedly unlawful compensation practices. Defendant filed its Answer denying all of the plaintiff's material factual allegations and asserting an array of affirmative defenses that it argued would bar the plaintiff's claims in whole or in part.

As explained above, the parties conducted factual investigations. The parties also undertook considerable legal analyses of the various issues implicated in this case, including the amount the plaintiff would be awarded if successful on all her claims.

The settlement of this lawsuit resulted only after arm's-length negotiations between the parties. Before the settlement, the parties had a full opportunity to analyze the pertinent factual and legal issues, and assess the strengths and weaknesses of the claims and defenses at issue. The parties have been represented by legal counsel with experience in FLSA matters. Accordingly, this Court should conclude that the proposed settlement was the product of contested litigation.

### 2.    The Settlement Fairly and Reasonably Resolves A Bona Fide Dispute.

The Settlement is the product of arm's-length negotiations by experienced counsel and under the circumstances provides meaningful monetary relief to the plaintiff.  It also eliminates the very real and inherent risks and expense both sides would bear if this litigation continued to resolution on the merits.  Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the

settlement, the Court should keep in mind the unique ability of counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery"); *Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001) (Arm's-length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements); *Fulton v. TLC Lawn Care, Inc,* 2012 WL 1788140 at *4 (D.Kan. May 17, 2012) (noting counsel's assessment that the settlement outweighed the risks of proceeding, counsel's evaluation of potential obstacles, and plaintiffs' execution of settlement agreement as factors indicating fairness of settlement).

The Settlement offers a meaningful payment to the plaintiff now. Further, if the Settlement is not approved, any recovery through continued litigation may not occur for a long time—after the conclusion of the litigation and appeals.  Or, such recovery may not occur at all after trial or on appeal. For these reasons, settlement approval now should be highly favored. *See, e.g., In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush."); *see also Lynn's Food Stores*, 679 F.2d at 1354 (public policy encourages settlement of FLSA litigation); *Little Rock School District v. Pulaski Cnty. Special School District No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").  It has often been stated that, "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Lane v. Page*, 862 F. Supp. 2d 1182,

1249 (D.N.M. 2012) *(quoting Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 284 (7th Cir.2002)).

In this matter, after requested attorney's fees and costs are deducted, the settlement will provide Plaintiff what she claims is her total damages for the claims she alleged in this action (*i.e.,* approximately $1,000 in unpaid overtime wages, $710 in unpaid straight-time wages, and liquidated damages under the FLSA) and additional compensation for what she claims is her waiver of any other wage and hour claim she may have against Defendant. The Defendant does not admit that Plaintiff is owed any damages or other relief.

Accordingly, this Court should conclude that the proposed Settlement reflects a fair and reasonable resolution of a bona fide dispute over FLSA, AMWA, and Common Law claims, and approve the Settlement. In addition to attaching a proposed order to this motion, plaintiff's counsel will email a proposed order to the Court granting settlement approval.

### 3.    Plaintiff's Counsel's Petition for Fees and Costs Is Reasonable.

Plaintiff's counsel seeks an award of 1/3 of the $6,000 settlement as attorney's fees and costs. In assessing the reasonableness of a proposed fee award, courts may consider factors including 1) whether the fee is fixed or contingent; 2) the amount involved and the results obtained; 3) the novelty and difficulty of the questions; 4) the experience, reputation and ability of the attorneys; and 5) awards in similar cases. *See Keil v. Lopez*, 862 F.3d 685, 703 (8th Cir. 2017) (citation omitted).

Here, Plaintiff's counsel, who is experienced and accomplished in wage and hour litigation (*See* Miller Declaration attached hereto as <u>Exhibit 3</u>) took this case on a pure contingency basis with no guarantee of success and the risk of no recovery and seeks the percentage to which Plaintiff agreed. This percentage of the settlement award is within the range

that has been found reasonable in other FLSA settlements in the Eighth Circuit. *See, e.g.,* 2018 WL 5305562, at *9 (S.D. Iowa 2018) (recommending approval of award of one-third of the maximum settlement amount, plus expenses; noting that "[a]n award of 33 1/3% of the maximum settlement amount is in line with other awards in the Eighth Circuit"), *report and recommendation adopted*, 2018 WL 5305556 (S.D. Iowa 2018); *Del Toro*, 2021 WL 1784368, at *3 (approving fees of 35% of the gross settlement fund in an FLSA collective action settlement; noting that "a 35% fee is within the range routinely approved by courts in the Eighth Circuit").

Though the recovery is modest in terms of the amount of total amount of money involved, Plaintiff's counsel has obtained a settlement that exceeds Plaintiff's best day in court while conserving resources by doing so prior to depositions, dispositive motion practice, and trial.

Finally, district courts often verify the reasonableness of a percentage of the benefit fee request "by crosschecking it against the lodestar method." *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). As the actual requested fee, after the $700 in out-of-pocket costs are deducted (*See* <u>Exhibit 3</u> at ¶ 17), is $1,300, there can be no question that a lodestar analysis results in a fractional lodestar percentage as Plaintiff's counsel has spent well over 50 hours litigating this matter.

Accordingly, the Court should approve Plaintiff's counsel's requested attorney's fees and costs in the amount of 1/3 of the settlement—$2,000.

### III.    Certification of Parties Conferring

Plaintiff's counsel has conferred with defendant's counsel regarding this motion, and has been authorized to file this as an unopposed motion.

## IV.    Conclusion

The Settlement and the Settlement Agreement provides immediate, certain, and meaningful relief to the plaintiff in light of all the circumstances. The Settlement Agreement has met all the necessary requirements for approval as set forth above. Therefore, this Court should enter an order approving this Settlement and the Settlement Agreement, and dismiss this action with prejudice.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Mathew D. Miller
Admitted Pro Hac
PA Bar No. 312387
Swartz Swidler, LLC
1101 Kings Highway N.
Suite 402
Cherry Hill, NJ 08034
Phone: 856.685.7420
Fax: 856.685.7417
E-mail: mmiller@swartz-legal.com

Attorneys for Plaintiff

Approved as to form:

James M. Gary
AR Bar No. 80051
(Attorney in Charge and To Be Noticed)
KUTAK ROCK LLP
One Union National Plaza
124 West Capitol Avenue, Ste. 2000
Little Rock, Arkansas 72201
Attorney Direct: 501.975.3140
Main Dial: 501.975.3000
E-mail: jim.gary@kutakrock.com

Attorneys for Defendant